IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:23-CV-25-KS

| | |
|---|---|
| CHARLES FISHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MARTIN O'MALLEY, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant.[1] ) | |

This matter is before the court on the parties' briefs pursuant to the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Charles Fisher ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the parties' briefs, the court affirms the Commissioner's decision.

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability, DIB, and SSI on June 16, 2021, with an alleged onset date of June 11, 2021. (R. 10, 221–40.) The application was denied

---

[1] Martin O'Malley became Commissioner on December 20, 2023, and is therefore substituted as Defendant pursuant to Fed. R. Civ. P. 25(d).

initially and upon reconsideration, and a request for hearing was filed. (R. 10, 90–91, 102–03, 145–46.) A telephonic hearing was held on August 11, 2022, before Administrative Law Judge ("ALJ") James E. Williams, who issued an unfavorable ruling on September 1, 2022. (R. 7–32, 43–79.) On February 21, 2023, the Appeals Council denied Plaintiff's request for review. (R. 1–6.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. On April 10, 2023, Plaintiff initiated this action, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro*

2

*v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's residual functional capacity] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "If the

3

Commissioner meets [this] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). As a preliminary matter, the ALJ found that Plaintiff meets the insured status requirements of the Act through December 31, 2025. (R. 13.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 11, 2021, the alleged onset date. (*Id.*) Next, the ALJ determined Plaintiff has the severe impairments of chronic liver disease, obesity, and neurocognitive disorder. (*Id.*)

At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 13.) The ALJ expressly considered Listings 5.05, 12.02, 12.05, 12.08, and 12.11, and Plaintiff's obesity in connection with SSR 19–2p. (R. 13–15.)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff has

> the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he can communicate simple information and perform simple, routine tasks.

(R. 16.) In making this assessment, the ALJ stated that he considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the

4

requirements of 20 C.F.R. §§ 404.1529, 416.929 and SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017), and found Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms "not entirely consistent with the medical evidence and other evidence." (R. 16.) At step four, the ALJ concluded that Plaintiff is not able to perform any past relevant work. (R. 25.) At step five, the ALJ determined, based upon Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely: laundry laborer (DOT #361.687-018), warehouse stubber (DOT #222.687-034), and laundry checker (DOT #369.687-014). (R. 26.) The ALJ concluded that Plaintiff has not been disabled under the Act since June 11, 2021. (R. 27.)

## IV. Plaintiff's Arguments

Plaintiff broadly argues that the ALJ erred by failing to account for the "total limiting effects" of Plaintiff's mental abilities but breaks this argument into subparts: (A) the ALJ's RFC analysis relied on an incorrect regulatory framework, contrary to *Dowling v. Comm'r of SSA*, 986 F.3d 377 (4th Cir. 2021); (B) the ALJ failed to adopt the medical opinion of consultative examiners Dr. Elizabeth Shaw, Ph.D,, and Heather Currin, M.A., which "established that [Plaintiff] is 'disabled,'" or at least described more significant work-related limitations than those assessed in the RFC; and (C) the ALJ improperly "substituted his own lay opinion for that of the consultative examiners to suggest that [the consultative examiners'] diagnoses were incorrect." (Pl.'s Br. [DE #15] at 5–11.) Arguments (B) and (C) are related and will be

5

addressed together. For the reasons explained below, Plaintiff's arguments are rejected, and the Commissioner's decision is affirmed.

## A. Regulatory Framework and *Dowling*

Plaintiff argues that the ALJ's failure to reference 20 C.F.R. §§ 404.1545, 416.945,[2] and SSR 96–8p more than once in the decision violates *Dowling*, 986 F.3d at 387. (Pl.'s Br. at 6–7.) However, *Dowling* did not create a per se rule requiring reversal whenever an ALJ does not mention the RFC regulations and SSR 96–8p a certain number of times or in specific locations in the ALJ's decision. *See Delesline-Meggett v. Comm'r of SSA*, No. 21-1859, 2023 WL 8230802, at *1 (4th Cir. Nov. 28, 2023) (rejecting claim that *Dowling* created any per se rule regarding reversal); *see also Finley v. Astrue*, No. 5:08-CV-209-D, 2009 WL 2489264, at *10 (E.D.N.C. Aug. 13, 2009) (noting that an ALJ is not "required 'to use particular language or adhere to a particular format in conducting his analysis' so long as the decision, 'read as a whole,' demonstrates that the ALJ considered the appropriate factors in reaching a conclusion" (quoting *Jones v. Barnhart*, 364 F.3d 501, 504–05 (3d Cir. 2004))). The ALJ's decision here illustrates that he considered the appropriate factors. Accordingly, the court rejects this argument.

---

[2] 20 C.F.R. § 404.1545 and § 416.945 are parallel regulations applying to DIB and SSI claims, respectively. Plaintiff only mentions § 404.1545, but there is no meaningful difference between the two regulations for purposes of the issues raised here.

B.  Medical Opinion Evaluation

Plaintiff's remaining arguments challenge the ALJ's evaluation of the medical opinion of two consultative examiners, Dr. Elizabeth Shaw, Ph.D, and Heather Currin, M.A., LPA (hereinafter "Shaw-Currin opinion"). (Pl.'s Br. at 7–10.) Plaintiff frames his argument in two ways: (i) the ALJ erred by failing to incorporate into the RFC the following limitations based upon the Shaw-Currin opinion: that Plaintiff would "likely be unable to understand, retain and follow simple instructions," "would likely work at a below average pace and would not be well suited for production-oriented settings," and would likely need a low-stress work setting (Pl's Br. at 7–8 (citing R. 745)); and (ii) the ALJ improperly substituted his own lay opinion for that of Dr. Shaw and Ms. Currin (Pl.'s Br. at 9–10). The court rejects these arguments for the reasons explained below.

Importantly, the ALJ adequately evaluated the medical opinion of consultative examiners Shaw and Currin under the applicable regulations. When evaluating medical opinions, the ALJ must consider factors set forth in 20 C.F.R. §§ 404.1520c(b), (c)(1)–(5) and 416.920c(b), (c)(1)–(5). *See generally Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (summarizing the medical opinion evaluation process for disability claims filed after March 27, 2017). "The ALJ is not required to explain how []he considered each of the relevant factors; instead, when articulating [his] finding about whether an opinion is persuasive, the ALJ need only explain how []he considered 'the most important factors' of supportability and consistency." *Corbin v. Kijakazi*, No. 2:20-CV-60-M, 2022 WL 990487, at *2 (E.D.N.C. Mar. 31, 2022).

7

"Supportability is the degree to which a provider supports their opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and non-medical sources in the record." *Oakes*, 70 F.4th at 212. Generally, the ALJ must explain how the evidence led to his conclusions. *Arakas v. Comm'r of SSA*, 983 F.3d 83, 95 (4th Cir. 2020) ("To pass muster, ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions." (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016))); *see also Mascio*, 780 F.3d at 637 (remand is necessary when a reviewing court is "left to guess about how the ALJ arrived at his conclusions").

The ALJ provided several reasons for discounting the limitations in the Shaw-Currin opinion upon which Plaintiff relies. The ALJ explained that he did not find the Shaw-Currin opinion persuasive because, *inter alia*, (1) it was based on a single examination primarily conducted for formal psychological testing, (2) it did not suggest a diagnosis of borderline intellectual functioning or intellectual disorder, (3) the examiners' opinion of significant social interaction is not supported by the examiners' notes of Plaintiff's cooperative and friendly nature, euthymic mood, and mostly intelligible speech, (4) it did not consider later psychotherapy records indicating overall clinical stability with cirrhosis treatment, and (5) it did not adequately address Plaintiff's history of alcohol abuse and its possible effect on Plaintiff's mental functioning. (R. 24.) These reasons relate sufficiently to the factors of consistency and supportability that the ALJ was required to address. *See* 20 C.F.R.

8

§§ 404.1520c(b), (c)(1)–(5), 416.920c(b), (c)(1)–(5). Moreover, the court can trace the ALJ's reasoning. *See Mascio*, 780 F.3d at 637.

Plaintiff is correct to take issue with the ALJ's assessment of the consultative examiners' opinion as "speculative, somewhat vague at times, and [] not adequately specify[ing] [Plaintiff]'s vocational limitations. (*See* Pl.'s Br. at 9 (citing R. 24).) Were this the only reason given by the ALJ for discounting the Shaw-Currin opinion, remand might be warranted. *See Oakes*, 70 F.4th at 214 (holding that an ALJ cannot dismiss a consultative examiner's opinion "on easily curable grounds" without engaging in a "simple" inquiry under 20 C.F.R. §§ 404.1520b(b)(2), 416.920b(b)(2)). However, as explained above, the ALJ provided several additional reasons for not adopting in full the Shaw-Currin opinion limitations. These reasons make this case distinguishable from *Oakes* and permit meaningful review. Moreover, these reasons are sufficient to show that the ALJ did not impermissibly substitute his own lay opinion for the medical opinion of Dr. Shaw and Ms. Currin.

Having reviewed the record, the court finds that substantial evidence supports the ALJ's findings and the ALJ's decision was reached through the application of the correct legal standards. Accordingly, the court affirms the Commissioner's decision.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is AFFIRMED.

This 3rd day of April 2024.

_____
KIMBERLY A. SWANK
United States Magistrate Judge

9

Case 2:23-cv-00025-KS    Document 19    Filed 04/03/24    Page 9 of 9